IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TREX PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-4159 |
| | ) | |
| ABLE ELECTROPOLISHING CO. INC.; ACE | ) | COMPLAINT |
| ANODIZING & IMPREGNATING INC.; | ) | |
| ACME AUTO ELECTRIC II, INC.; AFCO | ) | |
| PRODUCTS, INC.; AIMTRON SYSTEMS, | ) | |
| LLC; ALFA LAVAL INC.; AMI INDUSTRIES, | ) | |
| INC.; ANCHOR SCIENTIFIC INC.; | ) | |
| ARLINGTON PLATING COMPANY; ARRIS | ) | |
| GROUP INC.; AVANTI ENGINEERING, INC.; | ) | |
| BARRON METAL FINISHING, LLC; | ) | |
| BELVEDERE USA, LLC; BERTEAU- | ) | |
| LOWELL PLATING WORKS INC.; BILLET | ) | |
| SPECIALTIES, INC.; BUHRKE INDUSTRIES, | ) | |
| LLC; CASTLE METAL FINISHING CORP.; | ) | |
| CHEM-IMPEX INTERNATIONAL, INC.; | ) | |
| CINTAS CORP.; CKI LOCKER, LLC; COSCO | ) | |
| INDUSTRIES, INC.; D&W FINE PACK LLC; | ) | |
| DELTROL CORP.; DUAL | ) | |
| MANUFACTURING CO., INC.; | ) | |
| DURATHERM PROCESSING SYSTEMS, | ) | |
| INC.; E.J. BASLER CO.; EMPIRE BRONZE | ) | |
| CORPORATION; ENTRON CONTROLS, | ) | |
| LLC; ENVIRO TECH INTERNATIONAL | ) | |
| INC.; EX-CELL KAISER LLC; FABRICATED | ) | |
| METALS CO.; FOX VALLEY SYSTEMS, | ) | |
| INC.; G&M MANUFACTURING | ) | |
| CORPORATION; GETZEN CO.; GL TOOL | ) | |
| AND MANUFACTURING CO.; GREIF, INC.; | ) | |
| GROVE INDUSTRIES INC.; HEAD | ) | |
| MANUFACTURING INC.; HESTIA HEAT | ) | |
| TREAT INC.; IKONIX USA LLC; IMPERIAL | ) | |
| PLATING COMPANY OF ILLINOIS; | ) | |
| INDEPENDENT ENVIRONMENTAL | ) | |
| SERVICES, INC.; DOVE DRY CLEANING | ) | |
| INC.; INNOVATIVE CERTIFIED | ) | |
| TECHNICAL PLATING, LLC; HONEYWELL | ) | |
| INTERNATIONAL INC.; JAMES PRECIOUS | ) | |

METALS PLATING, INC.; JLO METAL            )
PRODUCTS COMPANY, INC.; JSTONE,            )
INC.; JOHN CRANE GROUP, LLC; KKSP          )
PRECISION MACHINING LLC; LIGHT             )
LOGIC LLC; THE LINE GROUP INC.; LIPKE-     )
KENTEX CORPORATION; MAID-O-MIST            )
LLC; MEADEN PRECISION MACHINED             )
PRODUCTS CO.; MJ CELCO INC.; NAVAL         )
FACILITIES ENGINEERING COMMAND;            )
NOVA WILDCAT SHUR-LINE, LLC;               )
OHMITE HOLDINGS, L.L.C.; PACIFIC           )
SCIENTIFIC COMPANY; PLANO METAL            )
SPECIALTIES, INC.; PLASTIC COATINGS        )
CORP.; PLATFORD CORP.; PLYMOUTH            )
TUBE CO.; PRECISION FORMING &              )
STAMPING CO. INC.; QUALITY METAL           )
FINISHING CO.; REVCOR, INC.;               )
RICHARDS-WILCOX, INC.; ROME METAL          )
MFG. INC.; SIEMENS INDUSTRY INC.;          )
LANDIS + GYR, INC.; SINE SYSTEMS           )
CORPORATION; SPECTRUM BRANDS INC.;         )
SWPC INVESTMENT LLC; RHMI INC.;            )
TENEX CORPORATION; THERMAL                 )
TRANSFER PRODUCTS; TLK INDUSTRIES,         )
INC.; TORNADO INDUSTRIES LLC;              )
TRUMPET HOLDINGS, INC.; UCAL               )
SYSTEMS, INC.; UNITED STATES               )
DEPARTMENT OF ENERGY; VIACOMCBS            )
INC.; VOESTALPINE PRECISION STRIP,         )
LLC and X-L ENGINEERING CORP.,             )
                                           )
            Defendants.                    )

## COMPLAINT

For its Complaint, Plaintiff Trex Properties LLC (hereinafter "Plaintiff" or "Trex"), by

and through counsel, alleges as follows:

## STATEMENT OF THE CASE

1.      This is a civil action pursuant to the provisions of the Comprehensive

Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §

9601 *et seq.* ("CERCLA"). Trex asserts there has been a release and/or threat of release of

hazardous substances from a facility located in the City of Melrose Park, County of Cook, Illinois ("Trex Illinois Facility"). These hazardous substances have contaminated the soil and groundwater at the Trex Illinois Facility and have threatened the public health and the environment. Each Defendant generated and/or transported materials containing hazardous substances that were treated and/or disposed of at the Trex Illinois Facility. This action seeks recovery of over $1,300,000 in past response costs incurred by Trex at the Trex Illinois Facility in response to the release and threatened release of hazardous substances into the environment at and from the Trex Illinois Facility, and a declaration of each Defendant's liability for future response costs to be incurred by Trex (and its assignors) at the Trex Illinois Facility.

## JURISDICTION AND VENUE

2.       This Court has exclusive jurisdiction over Counts I and II pursuant to CERCLA Sections 107(a) and 113(b), 42 U.S.C. §§ 9607(a) and 9613(b), providing federal jurisdiction over controversies arising under CERCLA, and pursuant to 28 U.S.C. § 1331, providing federal jurisdiction over controversies involving questions of federal law. The Court also has jurisdiction over the request for declaratory relief in Count III pursuant to CERCLA Section 113, 42 U.S.C. § 9613, and 28 U.S.C. §§ 2201 and 2202.

3.       Venue is proper in this district pursuant to 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous substances that give rise to this action occurred and/or are occurring at or from the Trex Illinois Facility located in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

4.       The Trex Illinois Facility is located at 2537 West Le Moyne Avenue in Melrose Park, Cook County, Illinois. The Trex Illinois Facility covers approxiamately 0.33 acres in an industrial setting. The northern portion of the Trex Illinois Facility contains a former below

3

grade railway siding, and structures on the Trex Illinois Facility include a large building constructed in 1956 and three 20,000 gallon storage tanks.

5.    The Trex Illinois Facility was formerly owned and operated by Detrex Corporation as an industrial solvent management facility. During Detrex Corporation's ownership and operation of the Trex Illinois Facility, it managed hazardous and non-hazardous spent solvent wastes from cleaning equipment and other related products. From approximately 1974 through the late 1980s, solvents were received by rail.

6.    Between 1974 and November 2012, the Trex Illinois Facility was used by Detrex Corporation for solvent distribution and storage of hazardous and non-hazardous spent solvent wastes in containers.

7.    The soil and groundwater at the Trex Illinois Facility is contaminated, and contamination has migrated off-site.

8.    On September 30, 1992, the Illinois Environmental Protection Agency ("IEPA") issued Detrex Corporation a RCRA permit for a hazardous waste container storage area within the northern half of the building on the Trex Illinois Facility. The RCRA permit allowed the storage of a maximum 13,200 gallons at any given time in the container storage area. The RCRA permit was renewed on October 9, 2003.

9.    IEPA issued letters to Detrex Corporation dated July 6, 2010 and September 17, 2012 requiring certain corrective action activities at an affected off-site property to the west of the Trex Illinois Facility owned by Outback Sales located at 2555 West Le Moyne Avenue ("Outback Property").

10.     In or about November 2012, all commercial operations at the Trex Illinois Facility ceased. Thereafter, Detrex Corporation continued only the RCRA corrective action activities required under its RCRA permit.

11.     On March 29, 2013, IEPA approved a RCRA closure plan, consisting of decontamination, inspection, sampling and analysis plans for the container storage area.

12.     On June 18, 2013, Trex purchased the facility from Detrex Corporation, and IEPA transferred the RCRA permit from Detrex Corporation to Trex on October 8, 2013.

13.     On November 13, 2013, Trex submitted a Delineation Workplan to IEPA for review.

14.     On September 17, 2017, Trex submitted a certification of closure report for the RCRA permit and on November 25, 2013, IEPA issued a letter certifying closure of the container storage area.

15.     IEPA issued a letter dated January 28, 2014 to Trex requiring additional investigation related to the Delineation Workplan and Groundwater Management Zone ("GMZ").

16.     On September 9, 2014, Trex submitted a Phase II Corrective Measures Plan, Final Design Report and Construction Workplan ("September 2014 CMP"), which IEPA approved with certain conditions and modifications on February 17, 2015, which required in-situ chemical oxidation ("ISCO") soil mixing at three hot spots followed by slow feed ISCO thereafter, and quarterly monitoring reports and sampling plans. Trex requested a revision to the September 2014 CMP on March 16, 2015, which IEPA approved on May 22, 2015.

17.     On August 27, 2015, IEPA issued a RCRA renewal Corrective Action Permit (Log #B-113R2-M1) which contemplated demolition of the on-site building to allow for

remediation of the underlying soil; establishment of institutional controls to meet site specific remedial objectives; the installation of a vapor mitigation system ("VMS") and engineered barrier at the Outback Property; cooperation with other off-site landowners to expand the approved GMZ; additional investigation to define the extent of the soil remediation and off-site contaminant migration; and continued groundwater monitoring.

18.     Physical on-site construction of the remediation required by IEPA at the Trex Illinois Facility commenced on or about April 6, 2015.

19.     To date, the hazardous substances identified at the Trex Illinois Facility include: parent compounds 1,1,1-trichloroethane (111-TCA); tetrachloroethylene (PCE); trichloroethylene (TCE); daughter compounds 1,1,2-trichloroethane; 1,1-dichloroethane; 1,1 dichloroethane; 1,2-dichloroethane; cis-1,2-dichloroethylene; trans-1,2-dichloroethylene, vinyl chloride; and other halogenated compounds including carbon tetrachloride; chloroethane; chloroform and methylene chloride.

20.     Through December 31, 2019, Trex has incurred over $1,300,000 in response costs at the Trex Illinois Facility.

21.     The response costs incurred to date by Trex are necessary to address the release and/or threatened release at the Trex Illinois Facility, and are required by IEPA, and as such are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and amendments thereto ("NCP").

22.     Trex will continue to incur response costs to conduct response actions at the Trex Illinois Facility as required by the State of Illinois.

**THE PARTIES**

23.     Trex is a Missouri entity, and is proceeding for itself and as assignee of the CERCLA claims at the Trex Illinois Facility of those entities that have settled or will settle with Trex and that have assigned or will assign such CERCLA claims to Trex. Trex assumed the environmental liabilities of Detrex Corporation at the Trex Illinois Facility when it purchased the Trex Illinois Facility from Detrex Corporation in June 2013.

24.     According to Trex Illinois Facility records, Defendant Able Electropolishing Co. Inc. ("Able Electropolishing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 59,888 gallons of materials to the Trex Illinois Facility. These materials were owned by Able Electropolishing and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

25.     By letter dated March 31, 2016, Trex demanded that Able Electropolishing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

26.     To date, Able Electropolishing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

27.     According to Trex Illinois Facility records, Defendant Ace Anodizing & Impregnating Inc. ("Ace Anodizing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex Illinois Facility. These materials were owned by Ace Anodizing and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

7

28.     By letter dated March 31, 2016, Trex demanded that Ace Anodizing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

29.     To date, Ace Anodizing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

30.     Defendant Acme Auto Electric II, Inc. ("Acme Auto") is the successor to and/or is formerly known as ACME Auto Electric Co.

31.     According to Trex Illinois Facility records, ACME Auto Electric Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,465 gallons of materials to the Trex Illinois Facility. These materials were owned by ACME Auto Electric Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichloroethylene.

32.     By letter dated March 31, 2016, Trex demanded that Acme Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

33.     To date, Acme Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

34.     According to Trex Illinois Facility records, Defendant AFCO Products, Inc. ("AFCO") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,015 gallons of materials to the Trex Illinois Facility. These materials were owned by AFCO and are described on Trex Illinois

Facility records as containing some or all of the following hazardous substance(s): trifluoroethane and trichloroethylene.

35.    By letter dated March 31, 2016, Trex demanded that AFCO reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

36.    To date, AFCO has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

37.    Defendant Aimtron Systems, LLC ("Aimtron") is the successor to and/or is formerly known as Target Corp.

38.    According to Trex Illinois Facility records, Target Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex Illinois Facility. These materials were owned by Target Corp. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

39.    To date, Aimtron has not paid any response costs incurred by Trex at the Trex Illinois Facility.

40.    Defendant Alfa Laval Inc. ("Alfa Laval") is the successor to and/or is formerly known as Tri-Clover, Inc. ("Tri-Clover").

41.    According to Trex Illinois Facility records, Tri-Clover by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,254 gallons of materials to the Trex Illinois Facility. These materials were owned by Tri-Clover and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

9

42. By letter dated March 31, 2016, Trex demanded that Alfa Laval reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

43. To date, Alfa Laval has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

44. Defendant AMI Industries, Inc., doing business as Aggressive Manufacturing Innovations, Inc., ("AMI") is the successor to and/or is formerly known as Whitley Products.

45. AMI acquired Whitley Products in or about 2013.

46. According to Trex Illinois Facility records, Whitley Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,650 gallons of materials to the Trex Illinois Facility. These materials were owned by Whitley Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

47. By letter dated April 13, 2016, Trex demanded that AMI reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

48. To date, AMI has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

49. According to Trex Illinois Facility records, Defendant Anchor Scientific Inc. ("Anchor Scientific") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex Illinois Facility. These materials were owned by Anchor Scientific and are

described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane.

50.     By letter dated March 31, 2016, Trex demanded that Anchor Scientific reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

51.     To date, Anchor Scientific has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

52.     According to Trex Illinois Facility records, Defendant Arlington Plating Company ("Arlington Plating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8,020 gallons of materials to the Trex Illinois Facility. These materials were owned by Arlington Plating and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

53.     By letter dated March 31, 2016, Trex demanded that Arlington Plating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

54.     To date, Arlington Plating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

55.     Defendant Arris Group Inc. ("Arris Group") is the successor to and/or is formerly known as Antec Mfg. Co.

56.     According to Trex Illinois Facility records, Antec Mfg. Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 20,900 gallons of materials to the Trex Illinois

Facility. These materials were owned by Antec Mfg. Co. and are described on Trex Illinois

Facility records as containing some or all of the following hazardous substance(s):

trichloroethylene.

57.    By letter dated March 31, 2016, Trex demanded that Arris Group reimburse Trex

for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois

Facility.

58.    To date, Arris Group has refused to cooperate and has not paid any response costs

incurred by Trex at the Trex Illinois Facility.

59.    According to Trex Illinois Facility records, Defendant Avanti Engineering, Inc.

("Avanti Engineering") by contract, agreement, or otherwise arranged for disposal or treatment,

or arranged with a transporter for transport for disposal or treatment, at least 9,599 gallons of

materials to the Trex Illinois Facility. These materials were owned by Avanti Engineering and

are described on Trex Illinois Facility records as containing some or all of the following

hazardous substance(s): trichloroethane.

60.    By letter dated March 31, 2016, Trex demanded that Avanti Engineering

reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at

the Trex Illinois Facility.

61.    To date, Avanti Engineering has refused to cooperate and has not paid any

response costs incurred by Trex at the Trex Illinois Facility.

62.    Defendant Barron Metal Finishing, LLC ("Barron Metal") is the successor to

and/or is formerly known as Barron Industries.

63.    According to Trex Illinois Facility records, Barron Industries by contract,

agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 2,168 gallons of materials to the Trex Illinois Facility.

These materials were owned by Barron Industries and are described on Trex Illinois Facility

records as containing some or all of the following hazardous substance(s): trichloroethylene.

64.     By letter dated March 31, 2016, Trex demanded that Barron Metal reimburse Trex

for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois

Facility.

65.     To date, Barron Metal has refused to cooperate and has not paid any response

costs incurred by Trex at the Trex Illinois Facility.

66.     Defendant Belvedere USA, LLC ("Belvedere") is the successor to and/or is

formerly known as Belvedere Corp.

67.     According to Trex Illinois Facility records, Belvedere Corp. by contract,

agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 525 gallons of materials to the Trex Illinois Facility.

These materials were owned by Belvedere Corp. and are described on Trex Illinois Facility

records as containing some or all of the following hazardous substance(s): trichloroethylene.

68.     By letter dated March 31, 2016, Trex demanded that Belvedere reimburse Trex

for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois

Facility.

69.     To date, Belvedere has refused to cooperate and has not paid any response costs

incurred by Trex at the Trex Illinois Facility.

70.     According to Trex Illinois Facility records, Defendant Berteau-Lowell Plating

Works Inc. ("Berteau-Lowell") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,537

gallons of materials to the Trex Illinois Facility. These materials were owned by Berteau-Lowell and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

71.     By letter dated March 31, 2016, Trex demanded that Berteau-Lowell reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

72.     To date, Berteau-Lowell has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

73.     According to Trex Illinois Facility records, Defendant Billet Specialties, Inc. ("Billet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,595 gallons of materials to the Trex Illinois Facility. These materials were owned by Billet and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

74.     By letter dated March 31, 2016, Trex demanded that Billet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

75.     To date, Billet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

76.     Defendant Buhrke Industries, LLC, doing business as IMS Buhrke-Olson, ("Buhrke Industries") is the successor to and/or is formerly known as Buhrke Industries.

77.     The Burhke Industries identified on Trex Illinois Facility records is located at 511 W. Algonquin Road, Arlington Heights, IL 60005 with U.S. EPA I.D. No. ILD005146964.

14

78.     Burhke Industries is located at 511 W. Algonquin Road, Arlington Heights, IL 60005.

79.     In 2004, Buhrke Industries merged with Innovative Manufacturing Solutions Inc. to form IMS Burhke LLC.

80.     Additionally, Defendant Buhrke Industries is the successor to and/or is formerly known as R. Olson Mfg. Company.

81.     On January 1, 1996, R. Olson Mfg. Co., Inc. changed its name to Olson International Ltd.

82.     In 2008, IMS Burhke LLC acquired Olson International Ltd. to form Buhrke Industries, LLC, doing business as IMS Buhrke-Olson.

83.     According to Trex Illinois Facility records, Buhrke Industries by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 19,239 gallons of materials to the Trex Illinois Facility. These materials were owned by Buhrke Industries and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): perchlorethylene, trichloroethane and trichloroethylene.

84.     Additionally, according to Trex Illinois Facility records, R. Olson Mfg. Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 6,372 gallons of materials to the Trex Illinois Facility. These materials were owned by R. Olson Mfg. Company and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): perchlorethylene, tetrachloroethylene and trichloroethylene.By letter dated March 31, 2016, Trex

15

demanded that Buhrke Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

85.     To date, Buhrke Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

86.     According to Trex Illinois Facility records, Defendant Castle Metal Finishing Corp. ("Castle Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,761 gallons of materials to the Trex Illinois Facility. These materials were owned by Castle Metal and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

87.     By letter dated March 31, 2016, Trex demanded that Castle Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

88.     To date, Castle Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

89.     According to Trex Illinois Facility records, Defendant Chem-Impex International, Inc. ("Chem-Impex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 40,363 gallons of materials to the Trex Illinois Facility. These materials were owned by Chem-Impex and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane and methylene chloride.

90.     By letter dated March 31, 2016, Trex demanded that Chem-Impex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

91.     To date, Chem-Impex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

92.     Defendant Cintas Corp. ("Cintas") is the successor to and/or is formerly known as Unitog Rental Service.

93.     According to Trex Illinois Facility records, Unitog Rental Service by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex Illinois Facility. These materials were owned by Unitog Rental Service and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): perchloroethylene.

94.     By letter dated March 31, 2016, Trex demanded that Cintas reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

95.     To date, Cintas has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

96.     Defendant CKI Locker, LLC, doing business as American Locker, ("CKI Locker") is the successor to and/or is formerly known as American Locker Security System Inc.

97.     According to Trex Illinois Facility records, American Locker Security System Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 20 gallons of materials to the Trex Illinois Facility. These materials were owned by American Locker Security System Inc. and are

17

described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

98. By letter dated March 31, 2016, Trex demanded that CKI Locker reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

99. To date, CKI Locker has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

100. Defendant Cosco Industries, Inc. ("Cosco Industries") is the successor to and/or is formerly known as Consolidated Stamp Mfg. Co.

101. According to Trex Illinois Facility records, Consolidated Stamp Mfg. Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex Illinois Facility. These materials were owned by Consolidated Stamp Mfg. Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

102. By letter dated March 31, 2016, Trex demanded that Cosco Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

103. To date, Cosco Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

104. Defendant D&W Fine Pack LLC ("D&W") is the successor to and/or is formerly known as C&M Products Inc.

105. According to Trex Illinois Facility records, C&M Products Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,720 gallons of materials to the Trex Illinois Facility. These materials were owned by C&M Products Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

106. By letter dated March 31, 2016, Trex demanded that D&W reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

107. To date, D&W has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

108. According to Trex Illinois Facility records, Defendant Deltrol Corp. ("Deltrol") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 11,620 gallons of materials to the Trex Illinois Facility. These materials were owned by Deltrol and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

109. By letter dated March 31, 2016, Trex demanded that Deltrol reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

110. To date, Deltrol has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

111. According to Trex Illinois Facility records, Defendant Dual Manufacturing Co., Inc. ("Dual Manufacturing") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 310 gallons of materials to the Trex Illinois Facility. These materials were owned by Dual Manufacturing and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

112.    By letter dated March 31, 2016, Trex demanded that Dual Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

113.    To date, Dual Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

114.    According to Trex Illinois Facility records, Defendant Duratherm Processing Systems, Inc. ("Duratherm") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex Illinois Facility. These materials were owned by Duratherm and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

115.    By letter dated March 31, 2016, Trex demanded that Duratherm reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

116.    To date, Duratherm has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

117.    According to Trex Illinois Facility records, Defendant E.J. Basler Co. ("E.J. Basler") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,990 gallons of materials to the

Trex Illinois Facility. These materials were owned by E.J. Basler and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

118. By letter dated March 31, 2016, Trex demanded that E.J. Basler reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

119. To date, E.J. Basler has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

120. According to Trex Illinois Facility records, Defendant Empire Bronze Corporation ("Empire Bronze") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex Illinois Facility. These materials were owned by Empire Bronze and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

121. By letter dated March 31, 2016, Trex demanded that Empire Bronze reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

122. To date, Empire Bronze has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

123. Defendant ENTRON Controls, LLC ("ENTRON") is the successor to ENTRON Controls, Inc.

124. In 2005, ENTRON acquired ENTRON Controls, Inc.

125.     Both ENTRON Controls, Inc. and ENTRON were located at 465 E. Randy Road, Carol Stream, Illinois.

126.     Both Entron Controls, Inc. and ENTRON supply welding controls.

127.     According to ENTRON, Entron Controls, Inc. was founded in 1971 by Robert G. Cuff and became Entron in 2005.

128.     According to Trex Illinois Facility records, Defendant ENTRON Controls, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,750 gallons of materials to the Trex Illinois Facility. These materials were owned by ENTRON Controls, Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.By letter dated March 31, 2016, Trex demanded that ENTRON reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

129.     To date, ENTRON has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

130.     According to Trex Illinois Facility records, Defendant Enviro Tech International Inc. ("Enviro Tech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 35 gallons of materials to the Trex Illinois Facility. These materials were owned by Enviro Tech and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

131.    By letter dated March 31, 2016, Trex demanded that Enviro Tech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

132.    To date, Enviro Tech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

133.    Defendant Ex-Cell Kaiser LLC ("Ex-Cell Kaiser") is the successor to and/or is formerly known as Ex-Cell Metal Products.

134.    According to Trex Illinois Facility records, Ex-Cell Metal Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,881 gallons of materials to the Trex Illinois Facility. These materials were owned by Ex-Cell Metal Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

135.    By letter dated March 31, 2016, Trex demanded that Ex-Cell Kaiser reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

136.    To date, Ex-Cell Kaiser has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

137.    Defendant Fabricated Metals Co., doing business as Machined Products Company, ("Fabricated Metals") is the successor to and/or is formerly known as Machine Products.

138.    According to Trex Illinois Facility records, Machine Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 150 gallons of materials to the Trex Illinois Facility. These materials were owned by Machine Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

139.    By letter dated March 31, 2016, Trex demanded that Fabricated Metals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

140.    To date, Fabricated Metals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

141.    According to Trex Illinois Facility records, Defendant Fox Valley Systems, Inc. ("Fox Valley Systems") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 965 gallons of materials to the Trex Illinois Facility. These materials were owned by Fox Valley Systems and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

142.    By letter dated March 31, 2016, Trex demanded that Fox Valley Systems reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

143.    To date, Fox Valley Systems has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

144.    According to Trex Illinois Facility records, Defendant G&M Manufacturing Corporation ("G&M Manufacturing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 520 gallons of materials to the Trex Illinois Facility. These materials were owned by G&M

24

Manufacturing and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane.

145.    By letter dated March 31, 2016, Trex demanded that G&M Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

146.    To date, G&M Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

147.    Defendant Getzen Co. ("Getzen") is the successor to and/or is formerly known as The Getzen Company and Getzen Musical Instruments.

148.    According to Trex Illinois Facility records, The Getzen Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,455 gallons of materials to the Trex Illinois Facility. These materials were owned by The Getzen Company and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane, methylene chloride and tetrachloroethylene.

149.    Additionally, according to Trex Illinois Facility records, Getzen Musical Instruments by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 80 gallons of materials to the Trex Illinois Facility. These materials were owned by Getzen Musical Instruments and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): methylene chloride.

150.    By letter dated March 31, 2016, Trex demanded that Getzen reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

151.    To date, Getzen has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

152.    According to Trex Illinois Facility records, Defendant GL Tool and Manufacturing Co. ("GL Tool") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex Illinois Facility. These materials were owned by GL Tool and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

153.    By letter dated March 31, 2016, Trex demanded that GL Tool reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

154.    To date, GL Tool has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

155.    Defendant Greif, Inc. ("Greif") is the successor to and/or is formerly known as Greif Brothers Corporation.

156.    Greif Brothers Corporation changed its name to Greif in or about 2003.

157.    According to Trex Illinois Facility records, Greif Brothers Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,090 gallons of materials to the Trex Illinois Facility. These materials were owned by Greif Brothers Corporation and are described on

26

Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

158.    By letter dated March 31, 2016, Trex demanded that Greif reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

159.    To date, Greif has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

160.    According to Trex Illinois Facility records, Defendant Grove Industries Inc. ("Grove") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex Illinois Facility. These materials were owned by Grove and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane.

161.    By letter dated March 31, 2016, Trex demanded that Grove reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

162.    To date, Grove has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

163.    Defendant Head Manufacturing Inc. ("Head Manufacturing") is the successor to and/or is formerly known as Head Manufacturing Inc. and Head Inc.

164.    According to Trex Illinois Facility records, Head Manufacturing Inc. and Head Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 14,435 gallons of materials to the Trex

27

Illinois Facility. These materials were owned by Head Manufacturing Inc. and Head Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

165.    By letter dated March 31, 2016, Trex demanded that Head Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

166.    To date, Head Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

167.    Defendant Hestia Heat Treat Inc. ("Hestia") is the successor to and/or is formerly known as Racine Heat Treating, Inc.

168.    According to Trex Illinois Facility records, Racine Heat Treating, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,715 gallons of materials to the Trex Illinois Facility. These materials were owned by Racine Heat Treating, Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

169.    To date, Hestia has not paid any response costs incurred by Trex at the Trex Illinois Facility.

170.    Defendant Ikonix USA LLC ("Ikonix") is the successor to and/or is formerly known as Associated Research.

171.    According to Trex Illinois Facility records, Associated Research by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex Illinois Facility.

28

These materials were owned by Associated Research and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

172.     To date, Ikonix has not paid any response costs incurred by Trex at the Trex Illinois Facility.

173.     According to Trex Illinois Facility records, Defendant Imperial Plating Company of Illinois ("Imperial Plating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex Illinois Facility. These materials were owned by Imperial Plating and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

174.     By letter dated March 31, 2016, Trex demanded that Imperial Plating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

175.     To date, Imperial Plating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

176.     Defendant Independent Environmental Services, Inc. ("Independent Environmental") is the successor to and/or is formerly known as Independent Environmental Services/Dove Cleaners.

177.     According to Trex Illinois Facility records, Independent Environmental Services/Dove Cleaners by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex Illinois Facility. These materials were owned by "Independent

Environmental Services/Dove Cleaners" and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

178.     By letter dated April 12, 2016, Trex demanded that Independent Environmental reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

179.     To date, Independent Environmental has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

180.     Alternatively, Defendant Dove Dry Cleaning Inc., doing business as Dove 1 Cleaners, ("Dove") is the successor to and/or is formerly known as Independent Environmental Services/Dove Cleaners, as alleged in paragraph no. 177 above.

181.     By letter dated March 31, 2016, Trex demanded that Dove reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

182.     To date, Dove has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

183.     Defendant Innovative Certified Technical Plating, LLC, doing business as InCerTec, ("Certified Technical") is the successor to and/or is formerly known as Spec Plating.

184.     According to Trex Illinois Facility records, Spec Plating by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex Illinois Facility. These materials were owned by Spec Plating and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

185. By letter dated March 31, 2016, Trex demanded that Certified Technical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

186. To date, Certified Technical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

187. Defendant Honeywell International Inc. ("Honeywell") is the successor to and/or is formerly known as Honeywell Motor Products and Micro Switch.

188. According to Trex Illinois Facility records, Honeywell Motor Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,450 gallons of materials to the Trex Illinois Facility. These materials were owned by Honeywell Motor Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichlorotrifluroethane.

189. Additionally, according to Trex Illinois Facility records, Micro Switch by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex Illinois Facility. These materials were owned by Micro Switch and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

190. By letter dated March 31, 2016, Trex demanded that Honeywell reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

191. To date, Honeywell has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

192. According to Trex Illinois Facility records, Defendant James Precious Metals Plating, Inc. ("James Plating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,915 gallons of materials to the Trex Illinois Facility. These materials were owned by James Plating and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

193. By letter dated March 31, 2016, Trex demanded that James Plating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

194. To date, James Plating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

195. According to Trex Illinois Facility records, Defendant JLO Metal Products Company, Inc. ("JLO Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 17,745 gallons of materials to the Trex Illinois Facility. These materials were owned by JLO Metal and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichloroethylene.

196. By letter dated March 31, 2016, Trex demanded that JLO Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

197. To date, JLO Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

198. Defendant JStone, Inc., doing business as ENDOPLUS, ("JStone") is the successor to and/or is formerly known as ENDO Plus.

199. According to Trex Illinois Facility records, ENDO Plus by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 15 gallons of materials to the Trex Illinois Facility. These materials were owned by ENDO Plus and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

200. By letter dated March 31, 2016, Trex demanded that JStone reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

201. To date, JStone has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

202. Defendant John Crane Group, LLC ("John Crane") is the successor to and/or is formerly known as John Crane Company and/or John Crane Inc.

203. According to Trex Illinois Facility records, John Crane Company and/or John Crane Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50,682 gallons of materials to the Trex Illinois Facility. These materials were owned by John Crane Company and/or John Crane Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichloroethylene.

33

204.    By letter dated March 31, 2016, Trex demanded that John Crane reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

205.    To date, John Crane has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

206.    Defendant KKSP Precision Machining LLC ("KKSP") is the successor to and/or formerly known as K&K Screw Products.

207.    According to Trex Illinois Facility records, K&K Screw Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,940 gallons of materials to the Trex Illinois Facility. These materials were owned by K&K Screw Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane.

208.    By letter dated March 31, 2016, Trex demanded that KKSP reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

209.    To date, KKSP has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

210.    Defendant Light Logic LLC, doing business as H.A. Framburg, ("Light Logic") is the successor to H.A. Framberg and Company.

211.    According to Trex Illinois Facility records, H.A. Framberg and Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,165 gallons of materials to the Trex Illinois Facility. These materials were owned by H.A. Framberg and Company and are described

on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

212.    By letter dated March 31, 2016, Trex demanded that Light Logic reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

213.    To date, Light Logic has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

214.    Defendant The Line Group Inc. ("Line Group") is the successor to and/or is formerly known as Line Tool & Stamping.

215.    According to Trex Illinois Facility records, Line Tool & Stamping by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8,650 gallons of materials to the Trex Illinois Facility. These materials were owned by Line Tool & Stamping and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

216.    By letter dated March 31, 2016, Trex demanded that Line Group reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

217.    To date, Line Group has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

218.    Defendant Lipke-Kentex Corporation, doing business as Lipke-Kentex-Hesse, Inc., ("Lipke-Kentex") is the successor to and/or is formerly known as Kentex Corporation.

219.    According to Trex Illinois Facility records, Kentex Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,755 gallons of materials to the Trex Illinois Facility. These materials were owned by Kentex Corporation and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): methylene chloride, perchloroethylene, trichloroethane and trichloroethylene.

220.    By letter dated March 31, 2016, Trex demanded that Lipke-Kentex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

221.    To date, Lipke-Kentex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

222.    According to Trex Illinois Facility records, Defendant Maid-O-Mist LLC ("Maid-O-Mist") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,210 gallons of materials to the Trex Illinois Facility. These materials were owned by Maid-O-Mist and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

223.    By letter dated March 31, 2016, Trex demanded that Maid-O-Mist reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

224.    To date, Maid-O-Mist has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

225. Defendant Meaden Precision Machined Products Co. ("Meaden Precision") is the successor to and/or is formerly known as Meaden Screw Products.

226. According to Trex Illinois Facility records, Meaden Screw Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,370 gallons of materials to the Trex Illinois Facility. These materials were owned by Meaden Screw Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

227. By letter dated March 31, 2016, Trex demanded that Meaden Precision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

228. To date, Meaden Precision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

229. Defendant MJ Celco Inc. ("MJ Celco") is the successor to and/or is formerly known as Celco Inc. and MJ Celco Inc.

230. According to Trex Illinois Facility records, Celco Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex Illinois Facility. These materials were owned by Celco Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

231. Additionally, according to Trex Illinois Facility records, MJ Celco Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,200 gallons of materials to the Trex

Illinois Facility. These materials were owned by MJ Celco Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

232. By letter dated March 31, 2016, Trex demanded that MJ Celco reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

233. To date, MJ Celco has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

234. Defendant Naval Facilities Engineering Command ("NAVFAC") is the successor to and/or is formerly known as Naval Training Center Environmental Department.

235. According to Trex Illinois Facility records, Naval Training Center Environmental Department by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex Illinois Facility. These materials were owned by Naval Training Center Environmental Department and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

236. By letter dated March 31, 2016, Trex demanded that NAVFAC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

237. To date, NAVFAC has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

238. Defendant Nova Wildcat Shur-Line, LLC ("Nova Wildcat") is the successor to and/or is formerly known as AmerRock Corp.

239. According to Trex Illinois Facility records, AmerRock Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30,349 gallons of materials to the Trex Illinois Facility. These materials were owned by AmerRock Corp. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

240. To date, Nova Wildcat has not paid any response costs incurred by Trex at the Trex Illinois Facility.

241. Defendant Ohmite Holdings, L.L.C. ("Ohmite") is the successor to and/or is formerly known as Ohmite Mfg. Co. and Pico-Matic Inc.

242. According to Trex Illinois Facility records, Ohmite Mfg. Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,315 gallons of materials to the Trex Illinois Facility. These materials were owned by Ohmite Mfg. Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trifluoroethane, trichloroethane and trichloroethylene.

243. Additionally, according to Trex Illinois Facility records, Pico-Matic Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 825 gallons of materials to the Trex Illinois Facility. These materials were owned by Pico-Matic Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

244.    By letter dated March 31, 2016, Trex demanded that Ohmite reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

245.    To date, Ohmite has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

246.    According to Trex Illinois Facility records, Defendant Pacific Scientific Company ("Pacific Scientific") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8,434 gallons of materials to the Trex Illinois Facility. These materials were owned by Pacific Scientific and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

247.    By letter dated March 31, 2016, Trex demanded that Pacific Scientific reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

248.    To date, Pacific Scientific has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

249.    According to Trex Illinois Facility records, Defendant Plano Metal Specialties, Inc. ("Plano Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex Illinois Facility. These materials were owned by Plano Metal and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

40

250.    By letter dated March 31, 2016, Trex demanded that Plano Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

251.    To date, Plano Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

252.    According to Trex Illinois Facility records, Defendant Plastic Coatings Corp. ("Plastic Coatings") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,650 gallons of materials to the Trex Illinois Facility. These materials were owned by Plastic Coatings and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

253.    By letter dated March 31, 2016, Trex demanded that Plastic Coatings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

254.    To date, Plastic Coatings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

255.    Defendant Platford Corp. ("Platford") is the successor to and/or is formerly known as Northern Essex Corp.

256.    According to Trex Illinois Facility records, Northern Essex Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex Illinois Facility. These materials were owned by Northern Essex Corp. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

257.    By letter dated March 31, 2016, Trex demanded that Platford reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

258.    To date, Platford has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

259.    Defendant Plymouth Tube Co. ("Plymouth Tube") is the successor to and/or is formerly known as Trent Tube Co.

260.    According to Trex Illinois Facility records, Trent Tube Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 42,328 gallons of materials to the Trex Illinois Facility. These materials were owned by Trent Tube Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichloroethylene.

261.    By letter dated March 31, 2016, Trex demanded that Plymouth Tube reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

262.    To date, Plymouth Tube has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

263.    According to Trex Illinois Facility records, Defendant Precision Forming & Stamping Co. Inc. ("Precision Forming") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 16,185 gallons of materials to the Trex Illinois Facility. These materials were owned by

Precision Forming and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane and trichloroethylene.

264. By letter dated March 31, 2016, Trex demanded that Precision Forming reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

265. To date, Precision Forming has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

266. According to Trex Illinois Facility records, Defendant Quality Metal Finishing Co. ("Quality Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48,101 gallons of materials to the Trex Illinois Facility. These materials were owned by Quality Metal and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

267. By letter dated March 31, 2016, Trex demanded that Quality Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

268. To date, Quality Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

269. According to Trex Illinois Facility records, Defendant Revcor, Inc. ("Revcor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,016 gallons of materials to the Trex Illinois Facility. These materials were owned by Revcor and are described on Trex Illinois

Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

270.    By letter dated March 31, 2016, Trex demanded that Revcor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

271.    To date, Revcor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

272.    According to Trex Illinois Facility records, Defendant Richards-Wilcox, Inc. ("Richards-Wilcox") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex Illinois Facility. These materials were owned by Richards-Wilcox and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

273.    By letter dated March 31, 2016, Trex demanded that Richards-Wilcox reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

274.    To date, Richards-Wilcox has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

275.    According to Trex Illinois Facility records, Defendant Rome Metal Mfg. Inc. ("Rome Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex Illinois Facility. These materials were owned by Rome Metal and are

described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): tetrachloroethylene.

276.    By letter dated March 31, 2016, Trex demanded that Rome Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

277.    To date, Rome Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

278.    Defendant Siemens Industry Inc. ("Siemens") is the successor to and/or is formerly known as Furnas Electric Co. and MCC Powers.

279.    According to Trex Illinois Facility records, Furnas Electric Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,810 gallons of materials to the Trex Illinois Facility. These materials were owned by Furnas Electric Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloro-1-fluoroethane, trichloroethane, trichloroethylene and trichlorotrifluoroethane.

280.    Additionally, according to Trex Illinois Facility records, MCC Powers by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex Illinois Facility. These materials were owned by MCC Powers and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichlorotrifluoroethane.

281.     By letter dated March 31, 2016, Trex demanded that Siemens reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

282.     To date, Siemens has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

283.     Alternatively, Defendant Landis + Gyr, Inc. ("Landis + Gyr") is the successor to and/or is formerly known as Furnas Electric Co. and MCC Powers, as alleged in paragraph nos. 279 and 280 above.

284.     Additionally, according to Trex Illinois Facility records, Landis + Gyr by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 500 gallons of materials to the Trex Illinois Facility. These materials were owned by Landis + Gyr and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichlorotrifluoroethane.

285.     By letter dated March 31, 2016, Trex demanded that Landis + Gyr reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

286.     To date, Landis + Gyr has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

287.     Defendant Sine Systems Corporation, doing business as Amphenol Sine Systems, ("Amphenol Sine") is the successor to and/or is formerly known as Pyle National Co.

288.     According to Trex Illinois Facility records, Pyle National Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 14,111 gallons of materials to the Trex Illinois Facility. These materials were owned by Pyle National Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

289.    By letter dated March 31, 2016, Trex demanded that Amphenol Sine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

290.    To date, Amphenol Sine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

291.    Defendant Spectrum Brands Inc. ("Spectrum Brands") is the successor to and/or is formerly known as National Mfg. Corp.

292.    According to Trex Illinois Facility records, National Mfg. Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,501 gallons of materials to the Trex Illinois Facility. These materials were owned by National Mfg. Corp. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

293.    By letter dated March 31, 2016, Trex demanded that Spectrum Brands reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

294.    To date, Spectrum Brands has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

295.    Defendant SWPC Investment LLC ("SWPC") is the successor to and/or is formerly known as Streamwood Plating, Inc.

296.    According to Trex Illinois Facility records, Streamwood Plating, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 973 gallons of materials to the Trex Illinois Facility. These materials were owned by Streamwood Plating, Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

297.    To date, SWPC has not paid any response costs incurred by Trex at the Trex Illinois Facility.

298.    Alternatively, Defendant RHMI Inc. ("RHMI") is the successor to and/or is formerly known as Streamwood Plating, Inc., as alleged in paragraph no. 296 above.

299.    To date, RHMI has not paid any response costs incurred by Trex at the Trex Illinois Facility.

300.    According to Trex Illinois Facility records, Defendant Tenex Corporation ("Tenex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex Illinois Facility. These materials were owned by Tenex and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

301.    By letter dated March 31, 2016, Trex demanded that Tenex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

302.    To date, Tenex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

303.    Defendant Thermal Transfer Products ("Thermal Transfer") is the successor to and/or is formerly known as Thermo Transfer Products Inc.

304.    According to Trex Illinois Facility records, Thermo Transfer Products Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex Illinois Facility. These materials were owned by Thermo Transfer Products Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

305.    By letter dated March 31, 2016, Trex demanded that Thermal Transfer reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

306.    To date, Thermal Transfer has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

307.    According to Trex Illinois Facility records, Defendant TLK Industries, Inc. ("TLK") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,350 gallons of materials to the Trex Illinois Facility. These materials were owned by TLK and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): dichloromethane and methylene chloride.

308.    By letter dated March 31, 2016, Trex demanded that TLK reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

309.    To date, TLK has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

310.    Defendant Tornado Industries LLC ("Tornado Industries") is the successor to and/or is formerly known as Breuer Electric Mfg. Co.

311.    According to Trex Illinois Facility records, Breuer Electric Mfg. Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 471 gallons of materials to the Trex Illinois Facility. These materials were owned by Breuer Electric Mfg. Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

312.    By letter dated April 12, 2016, Trex demanded that Tornado Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

313.    To date, Tornado Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

314.    Defendant Trumpet Holdings, Inc. ("Trumpet Holdings") is the successor to and/or is formerly known as Trombetta Corporation.

315.    According to Trex Illinois Facility records, Trombetta Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 518 gallons of materials to the Trex Illinois Facility. These materials were owned by Trombetta Corporation and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethane.

50

316.    By letter dated March 31, 2016, Trex demanded that Trumpet Holdings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

317.    To date, Trumpet Holdings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

318.    Defendant UCAL Systems, Inc. ("UCAL") is the successor to and/or is formerly known as Amtec Precision Products Inc., Astra Precision Products and E. Walters & Co.

319.    According to Trex Illinois Facility records, Amtec Precision Products Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,870 gallons of materials to the Trex Illinois Facility. These materials were owned by Amtec Precision Products Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trifluoroethane and trichloroethylene.

320.    Additionally, according to Trex Illinois Facility records, Astra Precision Products by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 446 gallons of materials to the Trex Illinois Facility. These materials were owned by Astra Precision Products and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

321.    Additionally, according to Trex Illinois Facility records, E. Walters & Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,810 gallons of materials to the Trex Illinois Facility. These materials were owned by E. Walters & Co. and are described on Trex

Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

322.    By letter dated March 31, 2016, Trex demanded that UCAL reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

323.    To date, UCAL has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

324.    Defendant United States Department of Energy ("DOE") is the successor to and/or is formerly known as Ferma Labs.

325.    According to Trex Illinois Facility records, Ferma Labs by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex Illinois Facility. These materials were owned by Ferma Labs and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trifluoroethane.

326.    By letter dated March 31, 2016, Trex demanded that DOE reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

327.    To date, DOE has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

328.    Defendant ViacomCBS Inc. ("CBS") is the successor to and/or is formerly known as Westinghouse Electric Co.

329.    According to Trex Illinois Facility records, Westinghouse Electric Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex Illinois Facility. These materials were owned by Westinghouse Electric Co. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): perchloroethylene.

330.    By letter dated March 31, 2016, Trex demanded that CBS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

331.    To date, CBS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

332.    Defendant Voestalpine Precision Strip, LLC ("Voestalpine") is the successor to and/or is formerly known as J.F. Helmond Bros., Inc.

333.    According to Trex Illinois Facility records, J.F. Helmond Bros., Inc by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 195 gallons of materials to the Trex Illinois Facility. These materials were owned by J.F. Helmond Bros., Inc. and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): trichloroethylene.

334.    By letter dated March 31, 2016, Trex demanded that Voestalpine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

335.    To date, Voestalpine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

336.     According to Trex Illinois Facility records, Defendant X-L Engineering Corp. ("X-L Engineering") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,755 gallons of materials to the Trex Illinois Facility. These materials were owned by X-L Engineering and are described on Trex Illinois Facility records as containing some or all of the following hazardous substance(s): perchloroethylene and trichloroethane.

337.     By letter dated March 31, 2016, Trex demanded that X-L Engineering reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex Illinois Facility.

338.     To date, X-L Engineering has refused to cooperate and has not paid any response costs incurred by Trex at the Trex Illinois Facility.

## COUNT I – COST RECOVERY UNDER CERCLA

339.     Trex realleges and incorporates by reference Paragraph Nos. 1 through 338 of this Complaint as if fully restated herein.

340.     Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3) provides, in relevant part, that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances....

341.     "Facility" is defined in CERCLA Section 101(9) as "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed...." 42 U.S.C. § 9601(9).

342. "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4; 42 U.S.C. § 9601(14).

343. "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body." 42 U.S.C. § 9601(20).

344. "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)...." 42 U.S.C. § 9601(22).

345. "Response" is defined in CERCLA Section 101(25), and includes "removal" actions, "remedial" actions, and enforcement activities related thereto. 42 U.S.C. § 9601(25).

346. The Trex Illinois Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

347. There has been a "release" and/or a threatened "release" of "hazardous substances" at the Trex Illinois Facility which has caused the incurrence of "response costs" by Trex, within the meanings of Sections 101(22), 101(14) and 107 of CERCLA, 42 U.S.C. §§ 9601(22), 9601(14) and 9607.

348. Trex is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

349. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

350. Pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(3), each Defendant is liable as a person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of materials containing hazardous substances owned by such Defendant, at the Trex Illinois Facility.

351. As a result of the release and threatened release of hazardous substances at or from the Trex Illinois Facility, Trex has incurred response costs and will continue to incur costs of "response," as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

352. The response costs incurred by Trex in connection with the Trex Illinois Facility are consistent with the NCP.

353. Pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for the voluntary past and future response costs incurred and to be incurred by Trex in response to the release or threatened release of hazardous substances at and from the Trex Illinois Facility.

WHEREFORE, Trex respectfully requests that this Court enter a judgment in its favor and against all Defendants holding that each Defendant is strictly, jointly and severally liable for the response costs incurred and to be incurred by Trex, including appropriate pre-judgment interest, in connection with the release and/or threatened release of hazardous substances at the Trex Illinois Facility. Trex further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT II – CONTRIBUTION UNDER CERCLA

354.    Trex realleges and incorporates by reference Paragraph Nos. 1 through 353 of this Complaint as if fully restated herein.

355.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1) provides, in relevant part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title . . . . Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

356.    All Defendants are liable parties under CERCLA.

357.    Through December 31, 2019, Trex has incurred over $1,300,000 in response costs at the Trex Illinois Facility under the RCRA permit.

358.    Trex is entitled to contribution from all Defendants under Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), for Defendants' respective equitable shares of all costs and damages incurred by Trex, including applicable interest as provided for in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

WHEREFORE, Trex respectfully requests that this Court enter a judgment in its favor against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs, including appropriate pre-judgment interest, associated with the Trex Illinois Facility. Trex further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT III – DECLARATORY RELIEF

359.    Trex alleges and incorporates by reference Paragraph Nos. 1 through 358 of this

Complaint as if fully restated herein.

360.     There is a present and actual controversy between Trex and all Defendants concerning their respective rights and obligations with respect to the response costs associated with Trex Illinois Facility.

361.     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part, that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

362.     Trex seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), relating to cost recovery, against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs.

363.     Additionally or alternatively, Trex seeks a declaratory judgment under the Declaratory Judgments Act, 28 U.S.C. § 2201–02, against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs.

364.     Trex is entitled to judgment against all Defendants for past and future response costs incurred in connection with the Trex Illinois Facility.

WHEREFORE, Trex respectfully prays that this Court enter a declaratory judgment against all Defendants finding that they are each liable under CERCLA and are obligated to pay

for their equitable shares of all past and future response costs associated with the Trex Illinois

Facility. Trex further requests that this Court award interest and costs of suit, including

reasonable attorney's fees and consultant fees as permitted by law; and order any such relief as

the Court may deem just and appropriate under the circumstances.

Dated: July 15, 2020       Respectfully submitted,

                             THE JUSTIS LAW FIRM LLC

                             /s/ Matthew T. Merryman

| | |
|---|---|
| Matthew T. Merryman | admitted in N.D. Ill. |
| Rachel D. Guthrie | admitted in N.D. Ill. |
| Ambereen K. Shaffie | admitted in N.D. Ill. |

                             10955 Lowell Ave.
                             Suite 520
                             Overland Park, KS  66210-2336
                             Telephone: (913) 955-3739
                             Facsimile: (913) 955-3711
                             Email: mmerryman@justislawfirm.com
                                   rguthrie@justislawfirm.com
                                 ashaffie@justislawfirm.com

                             ATTORNEYS FOR PLAINTIFF TREX
                             PROPERTIES LLC