**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TREX PROPERTIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-4159 |
| ) | |
| ENVIRO TECH INTERNATIONAL, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ENVIRO TECH INTERNATIONAL, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant ENVIRO TECH INTERNATIONAL, INC. submits the following memorandum in support of its Motion to Dismiss Count I of Plaintiff TREX PROPERTIES, LLC's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

On July 15, 2020, Trex filed its Complaint against Enviro Tech and 85 other parties seeking cost recovery, contribution, and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607, *et seq.* ("CERCLA"). Trex has resolved its liability with the State of Illinois such that it is limited to seeking contribution from other parties. Trex fails to state a claim for cost recovery, and Count I of Plaintiff's Complaint must be dismissed.

**STATEMENT OF FACTS**

Plaintiff Trex Properties, LLC ("Trex") alleges that it currently owns an industrial facility located at 2537 W. LeMoyne Avenue in Melrose Park, Illinois ("Property"). According to its pleadings, Trex's predecessor, Detrex Corporation, owned and operated

1

an industrial solvent management facility at that location from 1974 through 2012. There are three 20,000 gallon storage tanks on the Property. From 1974 through 2012, Detrex used the Property to store and distribute solvents, including chlorinated solvent wastes.

Soil and groundwater under the Property is contaminated and migrated off-site. To address off-site contaminant migration, Illinois Environmental Protection Agency ("IEPA") required Detrex to undertake corrective action. *Complaint*, ¶ 9. Detrex stopped commercial operations at the Property in 2012. *Complaint*, ¶ 10. Thereafter, Detrex created a closure plan which included decontamination of the Property, among other things. *Complaint*, ¶ 11. IEPA approved Detrex's closure plan pursuant to the Resource Conservation and Recovery Act ("RCRA"). *Complaint*, ¶ 11.

Trex purchased the Property in 2013. IEPA transferred Detrex's RCRA permit to Trex, and Trex took over Detrex's decontamination efforts. *Complaint*, ¶ 12. IEPA continues to monitor the Property and Trex's efforts to decontaminate. *Complaint*, ¶¶ 13-18. According to the Complaint, Trex has incurred over $1,300,000 in response costs as a result of remediation required by IEPA.

Trex filed this lawsuit seeking cost recovery, contribution, and declaratory relief under CERCLA on July 15, 2020. As explained more fully below, Trex is not entitled to cost recovery under Section 107 of CERCLA because the remedial actions Trex took were conducted after Trex took over Detrex's RCRA Permit and the obligations thereunder. Furthermore, Trex to this remedial action at IEPA's direction and it therefore constitutes a settlement under Section 113(f)(3)(b). Trex has not stated a claim for cost recovery under 42 U.S.C.A. § 9607 and Count I of Trex's Complaint must be dismissed.

**ARGUMENT**

Trex resolved some of its liability to the State of Illinois for contamination on the Property. Therefore, the only remedy potentially available to Trex is contribution under 42 U.S.C. § 9613(f)(3)(b). Trex fails to state a claim for cost recovery under 42 U.S.C. § 9607, and Count I of Trex's Complaint must be dismissed.

**I.     Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing', rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 547 (2009). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when its allegations, however true, cannot not raise a claim of entitlement to relief. *Twombly*, 550 U.S. at 558. Courts will dismiss a complaint where it fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6).

**II.    Trex Fails to State a Claim for Cost Recovery**

CERCLA (42 U.S.C. § 9607 (also referred to as "§ 107") and 42 U.S.C. § 9613 (also referred to as "§ 113")) "provides two clearly distinct remedies." *U.S. v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007), quoting *Cooper Industries v. Aviall Services, Inc.*, 543 U.S. 157, 163 (2004). CERCLA provides a right to cost recovery through § 107 and, "<u>separate rights to contribution</u> in other circumstances" through § 113. *Atlantic*

*Research Corp.*, 551 U.S., at 138 (emphasis in original). These remedies "complement each other by providing causes of action to persons in different procedural circumstances." *Id.*, at 139, quoting *Consolidated Edison Co. of New York v. UGI Utilities, Inc.*, 423 F. 3d 90, 99 (2nd Cir. 2005).

Contribution under § 113 is a plaintiff's sole remedy where it is available. *Bernstein v. Bankert*, 733 F.3d 190, 206 (7th Cir. 2013). "[I]f either statutory trigger for a section 113(f) contribution action is present—a qualifying lawsuit under section 113(f)(1) or a qualifying settlement under section 113(f)(3)(B)—the plaintiff may proceed only under that provision." *Refined Metals Corp. v. NL Industries, Inc.*, 937 F.3d 928, 930 (7th Cir. 2019).

§ 113(f)(3)(b) states:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2).

42 U.S.C. § 9613(f)(3)(b). Moreover, a "response" action, "means remove, removal, remedy, and remedial action; all such terms (including the terms "removal" and "remedial action") include enforcement activities related thereto." 42 U.S.C. § 9601(25).

In this case, Trex alleges it incurred $1,300,000 in <u>response costs</u>, incurred to address contaminant releases at the Trex Property <u>as required by IEPA</u>. *Complaint*, ¶¶ 1, 21. Trex's took action pursuant to a RCRA permit transferred by IEPA from Detrex to Trex. *Complaint*, ¶ 12. Illinois EPA approved of Trex's closure of the container storage area by issuing a certificate of closure. *Complaint*, ¶ 14. This remedial action – directed by and approved by the State of Illinois -- is what CERCLA contemplates in § 113(f)(3)(b). Because Trex has "resolved its liability to the . . . [State of Illinois] . . . for some or all of a

4

response action or for some or all of the costs of such action. . .", Trex's remedy, if any, is limited to contribution. 42 U.S.C. § 9613(f)(3)(b). Because Trex can pursue contribution through § 113(f)(3)(b), it cannot seek cost recovery under § 107. Trex fails to state a claim for cost recovery, and Count I of its Complaint must be dismissed.

## CONCLUSION

Trex seeks both cost recovery and contribution. Under CERCLA, a plaintiff is limited to pursuing contribution where that remedy is available. Here, contribution is available because Trex already resolved some of its liability to the State of Illinois for the container area, via Illinois EPA's approval of Trex's work at the container storage area. Therefore, Trex fails to state a claim for cost recovery, and Count I of its Complaint must be dismissed.

WHEREFORE, Defendant ENVIRO TECH INTERNATIONAL, INC. respectfully requests that this court enter judgement in its favor and against Plaintiff TREX PROPERTIES, LLC and enter an order dismissing Count I of Plaintiff's Complaint with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

*Claire Whitehead*

One of the attorneys for Defendant
Enviro Tech International, Inc.

Michael J. Maher (#6191018)
Claire M. Whitehead (#6322880)
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
mmaher@smbtrials.com
cwhitehead@smbtrials.com

5