UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TREX PROPERTIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20 C 4159 |
| | ) |
| ABLE ELECTROPOLISHING COMPANY, | ) Judge Alonso |
| INC, *et al.*, | ) |
| Defendant. | ) |
| | ) |
| | ) |

**CONSENT DECREE**

**I. RECITALS**

A. Plaintiff Trex Properties LLC ("Plaintiff" or "Trex") initiated the above-captioned case by filing its Complaint on July 15, 2020, against 85 defendants (ECF No. 1), asserting claims under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), as amended, seeking reimbursement of response costs incurred or to be incurred by Trex for response actions taken at or in connection with the release or threatened release of hazardous substances at the Trex Illinois Facility in Melrose Park, Illinios (the "Site").

B. Defendants Naval Facilities Engineering Command ("NAVFEC") and United States Department of Energy ("DOE") (collectively "Federal Defendants"), filed their Answer to the Complaint on January 25, 2021.

C. The Federal Defendants, by entering into this Consent Decree, do not admit any issue of fact or law, and do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

D.      Plaintiff and the Federal Defendants agree, and this Court by entering into this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.      This Court has subject matter jurisdiction over one or more claims in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over the Federal Defendants. Solely for the purposes of this Consent Decree and the underlying Complaint, the Federal Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. The Federal Defendants do not challenge entry or the terms of this Consent Decree, or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.      This Consent Decree is binding upon Trex and the Federal Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of parties under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-75, as amended.

"Consent Decree" shall mean this Consent Decree (and all appendices attached hereto).

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the Court's approval of this Consent Decree is recorded on the Court's docket.

"Federal Defendant(s)" means Naval Facilities Engineering Command ("NAVFEC") and United States Department of Energy ("DOE"), and their predecessors, successors, and assigns.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

3

"Response Costs" shall mean all response costs, including but not limited to direct and indirect costs, that Trex has incurred or may incur at or in connection with the Site.

"United States" shall mean the United States of America, including all of its Departments, agencies, and instrumentalities of the United States, including but not limited to Naval Facilities Engineering Command and United States Department of Energy.

## V. PAYMENT OF RESPONSE COSTS

4. As soon as reasonably practicable after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall:

    a. Pay to Trex $ 12,000.00, in payment of Settling Defendants' Response Costs, in accordance with instructions provided to DOJ in advance by Trex.

    b. In the event that any payment required by Paragraph 4.a. is not made within 120 days after the Effective Date, the United States, on behalf of Federal Defendants, shall pay Interest on the unpaid balance, with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

    c. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Federal Defendants under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Federal Defendant obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VI. PLAINTIFF'S COVENANT NOT TO SUE

5. Plaintiff Trex covenants not to sue the United States, or its contractors, employees, agents, or assigns, pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(f), or any other provision or theory of recovery under any federal or state law, including common law, for Response Costs. This covenant not to sue shall take effect upon the Effective Date. On or before the Effective Date, Plaintiff Trex will file a motion in this case for dismissal with prejudice of all claims against the Federal Defendants. This covenant is conditioned upon the satisfactory performance by the Federal Defendants of their obligations under this Consent Decree. This covenant extends to only the Federal Defendants, and does not extend to any other person.

## VII. CONTRIBUTION PROTECTION

6. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Federal Defendant has as of the Effective Date, resolved its liability to Trex for Response Costs, and is entitled to, as of the Effective Date, protection from claims for contribution as provided by Section 113(f)(1) of CERCLA and federal common law, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Response Costs.

7. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by Trex in this case is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## VIII. NOTICES AND SUBMISSIONS

8. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

    **As to DOJ by email:**    Redding.Cates@usdoj.gov
                                            Re: DJ# 90-11-6-20810

    **As to DOJ by mail:**     Chief
                                             U.S. Department of Justice
                                             Environment and Natural Resources Division
                                             Environmental Defense Section
                                             P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             Re: DJ # 90-11-6-20810

    **As to Trex:**             Gary D. Justis
                                             The Justis Law Firm LLC
                                             4100 Terrace Street
                                             Kansas City, MO 64111

## IX. SIGNATORIES

9. Each undersigned representative of Trex and the U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

## X. FINAL JUDGMENT

10. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among Trex and the United States. The Court finds

that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 9th DAY OF December 2021.

_____
United States District Judge

**Trex Properties LLC**

By: _____     Dated: 12-6-21
Matthew T. Merryman
Authorized Signatory

**United States of America**

By: _____     Dated: 12/7/21